UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>RUBEN GARCIA ARANDA d/b/a EL CACHANILLA POOL HOUSE, <br><br>Defendant. | Case No.: 1:12-cv-1508-AWI-BAM <br><br>**FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT** <br>(Docs. 16, 17) <br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS FILED MAY 13, 2013** <br>(Doc. 15) <br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT** <br>(Doc. 11). |

Pending before the Court is a motion by pro se Defendant Ruben Garcia ("Defendant") to set aside the clerk's entry of default. (Doc. 16).

**RELEVANT PROCEDURAL HISTORY**

In this case, Plaintiff J&J Sports Production, Inc. ("Plaintiff") alleges that Defendant unlawfully intercepted and exhibited the closed-circuit program "*Star Power: Floyd Mayweather, Jr. v. Victor Ortiz*, WBO Welterweight Championship Fight Program" at his commercial establishment,

1

El Cachanilla Pool House ("El Cachanilla"), located at 1501 Tulare Street in Fresno, California. On March 26, 2013, Plaintiff filed a Motion for Default Judgment against Defendant. (Doc. 11). Defendant did not file an opposition to the motion. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for May 3, 2013. On May 3, 2013, Defendant, who is proceeding without counsel, appeared in person at the hearing only to discover that the hearing had been vacated. On May 7, 2013,[1] Defendant filed a one page letter with the Court responding to Plaintiff's motion for default judgment. (Doc. 16).[2]

In his response, Defendant states, in part:

I never had cable service at that time so I never showed the *Mayweather v. Ortiz* fight. There is no cable bill that shows that I had cable there at the time. I have no reason to be lying to these people.

In light of Defendant's pro se status, the Court liberally construed Defendant's appearance and written response as a request to set aside the clerk's entry of default. The Court then required Plaintiff to file an opposition brief clarifying why such relief would not be appropriate in light of applicable Ninth Circuit precedent. (Doc. 17). On June 3, 2013, Plaintiff filed a timely opposition to Defendant's request to set aside the entry of default. (Doc. 18).

Having reviewed the parties' filings, and for the reasons stated below, the Court **GRANTS** Defendant's request to set aside the clerk's entry of default; **VACATES** the previously filed Findings and Recommendations; and **DENIES** Plaintiff's motion for default judgment as moot.

## FACTUAL BACKGROUND

This case involves the broadcast of *Star Power: Floyd Mayweather, Jr. v. Victor Ortiz*, WBO Welterweight Championship Fight Program ("the Program"), telecast nationwide on September 17, 2011 at Defendant's commercial establishment El Cachanilla. *See* Compl. ¶ 14. Plaintiff possesses

---

[1] Although Defendant's response was submitted on May 7, 2013, it was not entered on the Court's electronic docketing system until May 14, 2013.
[2] On May 13, 2013, this Court issued Findings and Recommendations recommending that Plaintiff's motion for default judgment be granted. (Doc. 18). To date, the district court has not adopted this Court's May 13, 2013 Findings and Recommendations and default judgment has not been entered against Defendant.

2

the exclusive nationwide commercial distribution rights to the Program. Plaintiff alleges that Defendant willfully and knowingly intercepted and published the Program without Plaintiff's consent. *Id.* ¶ 18. Plaintiff's allegations are supported by the affidavit of investigator Lawrence K. Brookter, who observed the unlawful exhibition of the Program at Defendant's commercial establishment. (Doc. 11-3). On September 13, 2012, Plaintiff filed this action alleging violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as of violations of California law against conversion and California Business and Professions Code §17200.

The Summons and Complaint were served upon Defendant by personal service on November 25, 2012. (Doc. 7). True and correct copies of the Proof of Service were filed with this Court on December 7, 2012. On December 19, 2012, after Defendant failed to file an answer, Plaintiff requested an entry of default against Defendant, which was entered by the clerk on January 16, 2013. (Doc. 9). On March 26, 2013, Plaintiff filed a motion for default judgment. (Doc. 11). Plaintiff's motion requested that the Court enter default judgment against Defendant for damages in the amount of $112,200.00. (Doc. 11-4).

## LEGAL STANDARD

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The standard for good cause "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

On the other hand, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-

46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## ANALYSIS

The Court will consider each of the good cause factors in turn below.

### 1. Culpable Conduct

With respect to the first good cause factor, the Court concludes that Defendant has shown that he did not engage in culpable conduct. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan*, 244 F.3d at 697. The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.* "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'... and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98.

In *Mesle*, the Ninth Circuit explained that, at least where a defaulting defendant is not a lawyer and is unrepresented at the time of the default "intentionally" means bad faith:

> [The] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer...As we have previously explained, in this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process...We have typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond...[I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of a denial of the motion to set aside a default.

*Mesle*, 615 F.3d at 1092-93 (citations and quotation marks omitted).

The Ninth Circuit indicated that a more stringent standard likely applies to legally sophisticated parties, who may be deemed culpable merely if they "received actual or constructive notice of the filing of the action and failed to answer." *Id*. The Ninth Circuit reasoned that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id*.; *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) ("Here, it is apparent that Eclat, through its president, Mr. Bujkovsky, had actual notice of the summons and complaint...Mr. Bujkovsky, as a lawyer, presumably was well aware of the dangers of ignoring service of process").

In this case, although Defendant failed to timely respond to Plaintiff's complaint in accordance with the Federal Rules of Civil Procedure, the Court cannot conclude that Defendant's conduct was culpable under the standard set forth in *Mesle*. Defendant is not an attorney and nothing suggests that Defendant is an otherwise legally sophisticated party. Moreover, Defendant was not represented by counsel at the time of the entry of default. Indeed, no attorney has appeared on Defendant's behalf. As such, intentionality cannot be presumed.

Further, the Court finds that Defendant's failure to answer or respond to Plaintiff's complaint was the result of ignorance of the law, not bad faith. From Defendant's appearance at the vacated hearing, it is evident that Defendant misunderstood his obligations in regards to responding to Plaintiff's complaint. According to Defendant's letter, he concedes that he received notice of this lawsuit and the allegations against him. (Doc. 16). After reviewing the complaint, Defendant decided to challenge the allegation in court by appearing at the motion for default judgment hearing. On the date of the hearing, Defendant appeared in court, only to discover that the hearing had been vacated. Defendant indicated that he intended to challenge Plaintiff's allegations and did so by filing a letter with the Court shortly after the vacated hearing date. (Doc. 16).

Defendant's attempt to respond to Plaintiff's complaint in person is not an attempt to manipulate the legal process in bad faith. Defendant's actions are consistent with the simple misunderstanding that Defendant could defend this lawsuit by appearing in court. That misunderstanding is "inconsistent with" a "devious, deliberate, willful, or bad faith failure to respond."

*See Mesle*, 615 F.3d at 1092-93. Further, Defendant's diligence in seeking to set aside the entry of default immediately after appearing in court reveals no disrespect for the courts. *See TCI Group*, 244 F.3d at 699.

While Plaintiff argues that Defendant has had months to respond to the complaint, even if Defendants' actions rise to the level of neglect, there is no compelling evidence that Defendant's failure to answer was the result of bad faith or an attempt to take advantage of the opposing party or game the system. Consequently, the actions of Defendant do not rise to the level of culpability. *Id.* at 697.

### 2. Meritorious Defense

A defendant seeking to set aside default must allege sufficient facts that, if true, would constitute a defense. *Id.* at 700. Here, Defendant has alleged a potentially meritorious defense. To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *See Mesle*, 615 F.3d at 1094. However, the burden to show a meritorious defense in support of a motion to set aside "is not extraordinarily heavy." *Id.* Defendant need only "allege sufficient facts that, if true, would constitute a defense..." *Id.*

Here, Defendant challenges the complaint on the grounds that he did not, and in fact could not, engage in the unauthorized and/or unlawful display of the alleged programming in question because he does not have any cable service at his establishment. (*See* Doc. 17; "I never had cable service at that time so therefore I never showed the *Mayweather vs. Ortiz* fight."). Liberally construed, Defendant's motion challenges the allegations of the complaint on its merits. Thus, Defendant has presented a legally cognizable defense, and the Court determines Defendant has satisfied his burden to show that he could mount a meritorious defense under the lenient standard set forth in *Mesle*.

### 3. Prejudice to Plaintiff

Finally, the Court must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. *TCI Group*, 244 F.3d at 696. To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. The standard is whether the Plaintiff's ability to pursue his claim will be hindered." *Id.* at 701.

Plaintiff's opposition does not reveal any prejudice which might befall Plaintiff if default were to be set aside. Plaintiff instead argues that Defendant fails to address the prejudice prong of the good cause test in his submission to the Court. (Doc. 18). Despite Defendant's failure to address the prejudice to Plaintiff in his briefing, taking all factors into consideration, there are insufficient facts to establish prejudice to Plaintiff. Only four months elapsed between service of the Complaint and Defendant's appearance in this action. Mere delay of the resolution of the action is insufficient prejudice. As the Ninth Circuit stated in *TCI Group*, "[i]t should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. . . . [V]acating the default judgment merely restores the parties to an even footing in the litigation." *Id.* Here, where default judgment has not been entered, the lack of prejudice to Plaintiff favors granting the motion to set aside entry of default. Accordingly, the Court finds that Plaintiff's ability to pursue its claim will not be hindered by setting aside the entry of default.

The Court finds that the above factors weigh in favor of setting aside the clerk's entry of default. There is a strong policy favoring decisions on the merits and the instant case does not warrant a departure from this presumption. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Accordingly, Defendant's Motion to Set Aside Entry of Default should be **GRANTED**.[3]

**CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court RECOMMENDS as follows:

1. Defendant's Motion to Set Aside the Entry of Default should be GRANTED;

2. The Clerk shall set aside default as to Ruben Garcia, individually and dba El Cachanilla Pool House;

3. The Findings and Recommendations granting Plaintiff's Motion for Default Judgment on May 13, 2013 (Doc. 15) are VACATED;

---

[3] Despite the foregoing, Defendant is cautioned that any future failure to comply with deadlines, the Court's orders, the Federal Rules of Civil Procedure, or the Court's Local Rules may result in the imposition of appropriate sanctions. If Defendant requires additional time to meet a deadline, Defendant should meet and confer with opposing counsel and, if necessary, shall request extensions of time from the Court well in advance of the deadline at issue.

4. Plaintiff's Motion for Default Judgment should be DENIED as moot;

5. Defendant shall file an answer to Plaintiff's Complaint on or before Monday, August 12, 2013.

6. The Court SETS a Status Conference for August 29, 2013 at 9:30 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 16, 2013**             /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE