# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 1: 12-cv-01508-AWI-BAM |
| Plaintiff, | **FIRST INFORMATIONAL ORDER** |
| v. | |
| RUBEN GARCIA ARANDA, | |
| Defendant. | |
| _____/ | |

Defendant Ruben Garcia Aranda is proceeding *pro se* in this civil action. This order highlights specific rules of which the parties should take particular note. Failure to comply with the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal, entry of default or other appropriate sanctions. See Local Rule 110; Fed. R. Civ. P. 41(b). In litigating this action, the parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), and this order.

1. Documents intended to be filed with the Court must be mailed to the Clerk of the Court. See Local Rule 134(a). All documents improperly mailed to a judge's chambers will be stricken from the record. A document requesting a Court order must be styled as a motion. *See* Fed. R. Civ. P. 7.

2. Each document submitted for filing must include the original signature(s) of the filing party or parties. Local Rule 131; Fed. R. Civ. P. 11(a). All documents submitted without the required signature(s) will be stricken. Each separate document must be separately stapled. See

Local Rule 130.  If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

3.     All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use.  *See* Local Rule 133(d)(2).  A document submitted without an extra copy for the Court's use will be stricken.  If the filing party would like a file-stamped copy, that party must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned.)  The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis.  Therefore, if the filing party wishes a file-stamped copy returned, the party must also provide an envelope with adequate postage pre-paid.  Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

4.     After any defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party.  See Fed. R. Civ. P. 5; Local Rule 135(c).  A document submitted without the required proof of service will be stricken.  Where a party is represented, service on the party's attorney of record constitutes effective service.

5.     All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned.  Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains.  Documents submitted listing more than one case number in the caption will be stricken.

6.     The Court cannot serve as a repository for the parties' evidence.  The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  Evidence improperly submitted to the Court will be stricken and returned to the party.

7.     All Court deadlines will be strictly enforced. Requests for time extensions must set forth the reason for the extension and must be filed with the Court before the deadline in question.  See

Local Rule 144.

8. A defendant proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a defendant moves and fails to file a notice of change of address, service of Court orders at defendant's prior address shall constitute effective notice. *See* Local Rule 182(f). If mail directed to defendant is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to re-mail it. If the address is not updated within 60 days of the returned mail, the action will be dismissed for failure to prosecute. See Local Rule 183(b).

9. Due to the voluminous filings in this district, the Court cannot respond to individual requests for the status of cases; any such requests will be denied. If the parties inform the Court of any address changes in compliance with Local Rule 183(b), the Court will notify the parties of any Court action taken in their case.

10. Defendant must respond to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

11. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230. Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.

12. At some point in the litigation, plaintiff may move for summary judgment as to some or all of plaintiff's claims. Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of plaintiff without trial. *See* Fed. R. Civ. P. 56(b). Plaintiff's motion will set forth the facts which plaintiff contends are not reasonably subject to dispute and that entitle the plaintiff to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), defendant is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Fed. R. Civ. P. 56. Defendant has the right to oppose a motion for summary judgment. To oppose the motion, defendant must show proof of his defenses. Defendant may agree with the facts set forth in a plaintiff's motion but argue that plaintiff is not entitled to judgment as a matter of law. Defendant

3

may show a plaintiff's facts are disputed in one or more of the following ways: (1) defendant may serve and file affidavits or declarations setting forth the facts which defendant believes dispute plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated);   (2) defendant may rely upon written records, but defendant must prove that the records are what defendant claims they are;   (4) defendant may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should defendant fail to contradict the plaintiff's motion with affidavits, declarations, or other evidence, plaintiff's evidence will be taken as truth, and final judgment may be entered without a full trial.  *See* Fed. R. Civ. P. 56(e).

If there is some good reason why such facts are not available to defendant when required to oppose such a motion, the Court will consider a request to postpone considering a plaintiff's motion.  See Fed. R. Civ. P. 56(d).  If defendant does not serve and file a request to postpone consideration of the plaintiff's motion or written opposition to the motion, the court may consider defendant's failure to act as a waiver of opposition to the plaintiff's motion.  Defendant's waiver of opposition to the plaintiff's motion may result in the entry of summary judgment against defendant.

13. A motion supported by affidavits or declarations that are unsigned will be stricken.

14. The failure of any party to comply with the order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:   **November 13, 2013**          /s/ *Barbara A. McAuliffe*          
                                                     UNITED STATES MAGISTRATE JUDGE