# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | Case No.: 1:12-cv-1508-AWI-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| RUBEN GARCIA ARANDA d/b/a EL CACHANILLA POOL HOUSE, | |
| Defendant. | |

Before the Court is Plaintiff J&J Sports Production, Inc.'s ("Plaintiff") motion for terminating sanctions against Defendant Ruben Aranda Garcia ("Defendant") for failure to produce discovery and otherwise meaningfully participate in this case. (Doc. 40). Defendant did not file an opposition to the motion. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 10, 2014, a hearing on the motion was held. Counsel Thomas Riley appeared by telephone on behalf of Plaintiff. Defendant, proceeding pro se, did not appear at the hearing. Having considered the moving papers, oral arguments, as well as the Court's file, Plaintiff's motion for terminating sanctions is GRANTED.

## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on September 13, 2012. (Doc. 1). Defendant was personally served at his residence on November 25, 2012. (Doc. 7). On December 19, 2012, after the time for

filing a response to the Complaint had elapsed, Plaintiff filed a Request for Entry of Default against Defendant. (Doc. 8). Default was entered by the Clerk of the Court on January 16, 2013 and on March 26, 2013, Plaintiff filed a Motion for Default Judgment against Defendant. (Docs. 9, 11). Defendant failed to file an opposition to the motion and the Court took the matter under submission and vacated the hearing scheduled for May 3, 2013.

On May 3, 2013, Defendant, who is proceeding without counsel, appeared in person at the hearing only to discover that the hearing had been vacated. On May 7, 2013, Defendant filed a letter with the Court stating that "he never showed the Mayweather v. Ortiz fight" at his establishment. (Doc. 16). The Court considered Defendant's letter an opposition to the Clerk's default and allowed this case to proceed. (Doc. 19). In its order setting aside default, the Court also Ordered Defendant to file an Answer to the Complaint on or before August 12, 2013. (Doc 19 at 8). No answer was filed.

The Court thereafter set a Mandatory Scheduling Conference for November 6, 2013. (Doc. 21). The Court informed Defendant that prior to the conference, he was required to prepare a joint scheduling report. Defendant failed to meet and confer with Plaintiff's counsel on proposed dates and on October 30, 2013, Plaintiff filed a Scheduling Report noting that the scheduling report was "unilateral" because efforts to secure Defendant's input were unavailing. (Doc. 22).

On November 6, 2013, Defendant appeared in person at the scheduling conference, but case management dates were not issued. Plaintiff requested an opportunity to discuss settlement with the Defendant prior to issuing dates, which the Court granted. (Doc. 23). The Court postponed the Scheduling Conference to permit the parties to attempt to resolve the case and reset the Scheduling Conference for November 26, 2013, in the event a settlement was not reached. In the written order re-setting the scheduling conference, the Court ordered Defendant to appear at the Scheduling Conference in person and again "admonished [Defendant] that he is required to file an answer to Plaintiff's Complaint prior to the [November 26, 2013] Scheduling Conference." (Doc. 32). No answer was filed.

On November 25, 2013, Plaintiff filed a Notice of Settlement and the Court vacated the scheduling conference and ordered the parties to file final dispositive documents. Shortly thereafter, Plaintiff withdrew his Notice of Settlement, and the Court reset the scheduling conference for

2

1  February 20, 2014. Again, the Court Order Defendant to participate in the joint scheduling report and
2  again he failed to do so.

3  The Court held the scheduling conference on February 20, 2014. Attorney Reynaldo Pulido
4  made a special appearance for Defendant and indicated that, although he was not Defendant's attorney
5  of record, he was assisting Defendant with settlement negotiations. (Doc. 31). The Court set another
6  scheduling conference for March 12, 2014 and ordered Plaintiff to appear in person. (Doc. 32).
7  Without prior notice, Defendant failed to appear at the hearing as ordered. (Doc. 33). The Court
8  waited until 9:11 a.m., over ten minutes after the scheduling conference was to begin, and then
9  dismissed Plaintiff's counsel, noting that Defendant had failed to appear. Due to Defendant's failure
10 to appear at the scheduling conference, the Court did not issue case management dates.

11 On March 13, 2014, the Court issued an Order to Show Cause ("OSC") as to why default
12 should not be entered against Defendant for his failure to appear at the scheduling conference. At the
13 show cause hearing, Defendant appeared at with an interpreter and the OSC was discharged. (Doc.
14 38).

15 After resetting the initial scheduling conference six times over the course of fifteen months,
16 a scheduling order was finally entered on April 2, 2014. (Doc. 39). According to the scheduling
17 order, the initial disclosure deadline is May 1, 2014, the discovery completion deadline is August 29,
18 2014; pretrial motion deadline is October 31, 2014; and the pre-trial conference and bench trial before
19 the district judge is scheduled for January 28, 2015, and March 24, 2015, respectively. *Id.*

20 Plaintiff indicates that as of the date of this order, Defendant has failed to serve his initial
21 disclosures or participate in the discovery process in any other way. Plaintiff brings the motion for
22 terminating sanctions arguing that default should be entered against Defendant for his repeated failure
23 to: (1) follow Court orders, (2) file an answer; (3) participate in the meet and confer process, and (4)
24 produce initial disclosures.

25 **LEGAL STANDARD**

26 Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the sanctions of striking
27 pleadings and rendering default against parties who disobey a court's discovery orders. Although case-
28 dispositive sanctions are usually reserved for repeated violations of court orders, even a single willful

3

violation may suffice, depending on the circumstances. *Valley Engineers Inc. v. Electric Eng. Co*., 158 F. 3d 1051, 1056 (9th Cir. 1998). An explicit finding of willfulness or bad faith is a prerequisite to ordering dismissal. All that is required to demonstrate willfulness or bad faith is "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Industries, Inc*., 983 F. 2d 943, 948 (9th Cir. 1993). Once the Court finds that discovery violations are "due to willfulness, bad faith, or fault of the party," it weighs the following five factors in determining whether to impose a terminating sanction:

(1)   Public interest in expeditious resolution of litigation;

(2)   The court's need to manage its docket;

(3)   Prejudice to other parties from the discovery violation;

(4)   Public policy favoring disposition of cases on their merits; and

(5)   Whether less drastic sanctions are available and would provide effective deterrence for the particular violation.

*Computer Task Group, Inc. v. Brotby*, 364 F. 3d 1112, 1115 (9th Cir. 2004).

## ANALYSIS

Upon review of the record in this case, the Court believes the only appropriate action is to recommend the entry of a default against the Defendant.

**1.   Public's interest in expeditious resolution of litigation.**

The instant case was filed September 13, 2012, more than two years ago. Prior to the discovery period, Defendant's appearance in this matter has been mired by delay. Defendant originally failed to appear in this matter after being served with the summons. Defendant's first appearance was after the Clerk had entered default against him. After two years of pending litigation, the parties began discovery in April 2, 2014, yet even initial disclosures have not been provided by defendant. (Doc. 39).

**2.   The Court's need to manage its docket.**

As noted above, this case has been pending for over two years. The parties have yet to engage in any meaningful discovery and settlement negotiations have been ongoing for approximately eleven months—since November 6, 2013. The Court has held multiple status conferences and hearings in an

4

effort to resolve Defendant's continual failure to file an answer or comply with his discovery obligations. The Court has spent an inordinate amount of time in case management of this case to the detriment of other pending cases. The Court has had numerous status conferences, scheduling conferences, show cause hearings and other proceedings which drain judicial resources. Plaintiff has exhausted its legal remedies and defendant should no longer be permitted to unjustifiably delay litigation in this case and waste limited judicial resources.

### 3. Risk of prejudice.

The Ninth Circuit has held that "[f]ailing to produce documents as ordered is considered sufficient prejudice." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). Defendant Garcia has failed to produce discovery as ordered. This failure has essentially prevented Plaintiff from moving toward a resolution of Plaintiff's claim. Plaintiff has been prejudiced by the delay in proceedings. Plaintiff has been unable to obtain even the most minimal discovery.

### 4. Public policy favoring disposition of cases on their merits.

The Ninth Circuit has found that public policy favoring disposition of cases on their merits strongly counsels against dismissal. *Id.* at 1223. In the instant case, however, Defendant's unreasonable delay keeps the case from moving forward toward resolution on the merits. At oral argument on October 10, 2014, Plaintiff's counsel referred to two recent telephone calls with defendant on September 30 and October 2, 2014. In those calls, defendant indicated he was not "interested" anymore. The Court finds that it is reasonable to conclude based upon the totality of the inaction in this case that defendant has abandoned this case and his defense.

### 5. Availability of less drastic sanctions.

"Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives requirements." *Id.* The Court's attempts at curing Defendant's repeated failures to comply with court orders have been well documented and fruitless. Despite the Court's numerous warnings, Defendant repeatedly failed to comply with the Court's orders.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for terminating sanctions against Defendant RUBEN GARCIA ARANDA d/b/a EL Cachanilla Pool House be GRANTED;

2. No answer has been filed by Defendant and therefore no answer can be stricken;

3. Default be Entered against Defendant RUBEN GARCIA ARANDA d/b/a EL Cachanilla Pool House;

4. Any Motion for Default Judgment by Plaintiff be filed within 30 days from the date of adoption of these Findings and Recommendations by the District Judge;

5. All other dates are VACATED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 10, 2014**             /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE